UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DOUGLAS A. REAVES,<br><br>Plaintiff,<br><br>v.<br><br>LISA BOCK,<br>ARAMARK CORRECTIONAL SERVICES, LLC,<br>TISHA THOMPSON,<br>DEBRA HALL,<br>REBECCA,<br>LORI FISHER,<br><br>Defendants. | ) | No. 1:26-cv-00638-TWP-MJD |

**ORDER GRANTING PLAINTIFF'S MOTION TO AMEND AND SCREENING AMENDED COMPLAINT**

This matter is before the Court on a Motion to Amend Complaint filed by Plaintiff Douglas Reaves. (Dkt. 24). Mr. Reaves is a prisoner currently incarcerated at Putnamville Correctional Facility. On April 1, 2026, he filed this civil action under 42 U.S.C. § 1983, alleging that the Defendants violated his constitutional rights by failing to properly oversee food service while he was incarcerated at Pendleton Correctional Facility ("Pendleton"). (Dkt. 2). The Court's screening order allowed Eighth Amendment claims to proceed against Aramark Correctional Services, LLC ("Aramark"), but dismissed claims against the individual defendants. (Dkt. 13). The Court grants the motion to amend and now screens Mr. Reaves's amended complaint pursuant to 28 U.S.C. § 1915A(a), (c).

## I. SCREENING STANDARD

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is

immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. THE AMENDED COMPLAINT

Mr. Reaves's factual allegations, summarized here, are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023). Mr. Reaves names the following defendants: (1) Lisa Bock, regional food service director for Aramark Correctional Services; (2) Aramark; (3) Debra Hall, food service supervisor; (4) Rebecca, food service supervisor; (5) Lori Fisher, employee floor supervisor; and (6) Tisha Thompson, food services director. (Dkt. 24-1).

From October 2023 to January 2024 and again from July 2024 to August 2024, Pendleton was on lockdown. *Id.* at 7. During this time, Mr. Reaves was served spoiled and moldy meat, which caused Mr. Reaves to be unable to eat the food. *Id.* When Mr. Reaves tried to get food replacements, the correctional officer could not replace it. *Id.* As a result, Mr. Reaves did not get enough food and would feel like he was starving. *Id.*

In June 2024, Mr. Reaves chipped his tooth when eating a piece of bread that had tape on it from his sack lunch and now has permanent damage to his tooth. *Id.* at 7–8. The bread had a piece of tape stuck to it. *Id.* Additionally, because of the food issues, Mr. Reaves would throw away his food and go days without eating. *Id.* at 7–8.

On July 4, 2024, Mr. Reaves filed a grievance about Aramark's food service because Ms. Bock, Ms. Hall, Rebecca, Ms. Fisher, and Ms. Thompson were failing to oversee food preparation at Pendleton. *Id.* at 5. In general, these defendants failed to ensure that the food was prepared at a proper temperature to ensure that it did not go bad. *Id.* These defendants are the only people who have access to the freezers and can thus ensure that food is being stored and prepared at a proper temperature. *Id.* Mr. Reaves witnessed meat being left out to prepare sack lunches. *Id.* at 5–6. On August 8, Ms. Thompson responded that the supervisors were training the workers, but the issues with temperature control continued, causing Mr. Reaves and other inmates to get sick from eating the food. *Id.* at 6. Inmates also continued to find tape and hair in the food as well as moldy and spoiled food. *Id.* On information and belief, each defendant heard many inmates' complaints about the unsanitary and spoiled food and yet they failed to do anything to fix the issues. *Id.* at 8. Even though Ms. Bock inspected the kitchen at Pendleton and saw the unsafe food preparation, she disregarded the risk of serving spoiled food to inmates. *Id.* When Mr. Reaves told Rebecca about the food issues while he was a volunteer in the kitchen, Rebecca told him that it was not her job to worry about it and she remained in the staff office while inmates prepared sack lunches. *Id.*

When he was incarcerated at Wabash Valley, Mr. Reaves was hired by Ms. Bock to work in the kitchen. *Id.* at 9. Ms. Bock closely monitored food production. *Id.* At Pendleton, however, Ms. Bock did not monitor how food is sealed and stored. *Id.*

In general, Mr. Reaves alleges that Aramark violated his rights by maintaining a bonus system for keeping inventory under budget, which caused the individual defendants to turn a blind eye to unsafe food. *Id.* at 9. Mr. Reaves and other inmates got sick from the food and, at times, would have to go without eating in order to avoid eating spoiled and moldy food.

Mr. Reaves seeks monetary damages. *Id.* at 11.

## III. DISCUSSION OF COMPLAINT

Applying the screening standard to the facts alleged in the complaint, certain claims are dismissed while others may proceed as pled.

The Court **dismisses** any official capacity claims against the defendants because Mr. Reaves does not seek injunctive relief. *See Knowlton v. City of Wauwatosa*, 119 F.4th 507, 519 (7th Cir. 2024) ("In an individual capacity suit, a plaintiff may only seek monetary damages; in an official capacity suit, a plaintiff may only seek injunctive or declaratory relief.").

The following claims **may proceed**:

- Eighth Amendment claims may proceed against Aramark under the theory of liability identified in *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)) for the same reason stated in the original screening order.
- Eighth Amendment claims may proceed against Ms. Bock, Ms. Hall, Rebecca, Ms. Fisher, and Ms. Thompson. Mr. Reaves has alleged that the food preparation practices at Pendleton deprived him of adequate nutrition and that the defendants knew about and facilitated the food safety issues, had the authority to fix them, but disregarded them. At this point, these allegations suffice to state an Eighth Amendment conditions-of-confinement claim.

This summary of claims includes all the viable claims identified by the Court. All other claims have been dismissed. If Mr. Reaves believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through October 8, 2026,** in which to file a motion to reconsider the screening order.

## IV. CONCLUSION AND SERVICE OF PROCESS

Mr. Reave's motion to amend the complaint, Dkt. [24], is **GRANTED**. The **clerk is directed** to re-docket the proposed amended complaint, Dkt. [24-1], as the Amended Complaint in this action.

Eighth Amendment claims are proceeding against Aramark, Lisa Bock, Debra Hall, Rebecca, Lori Fisher, and Tisha Thompson. All other claims have been dismissed.

The **clerk is directed** to add Lori Fisher as a defendant on the docket.

Although the Court initially dismissed claims against Lisa Bock, Debra Hall, Rebecca, and Tisha Thompson, defense counsel has appeared on their behalf and waived service of process. *See* Dkt. 20. These defendants and Aramark shall have **14 days** to file a response to the amended complaint.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to Lori Fisher in the manner specified by Rule 4(d). Process shall consist of the amended complaint, Dkt. [24-1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Date: September 16, 2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

DOUGLAS A. REAVES
881987
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Georgianna Lea Quinn
HUME SMITH GEDDES GREEN & SIMMONS
gquinn@humesmith.com

LORI FISHER
ARAMARK CORRECTIONAL SERVICES, LLC
C/O CT Corporation System
334 North Senate Ave.
Indianapolis, IN 46204